**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SWAMP DUST, LLC | |
| *Plaintiff,* | CIVIL ACTION NO: |
| v. | |
| | _____ |
| CAJUN WHOLESALE DISTRIBUTING, INC. and RITCHIE ROMERO | JURY TRIAL DEMANDED |
| *Defendants.* | |

## COMPLAINT

Plaintiff Swamp Dust, LLC, for its claims against Defendants, Cajun Wholesale Distributing, Inc. and Ritchie Romero, respectfully allege as follows:

## NATURE OF THE ACTION

This is an action at law and in equity by Swamp Dust, LLC for trademark infringement, false designation of origin and unfair competition arising under the Federal Trademark Act ("the Lanham Act") and under state and common law. Swamp Dust seeks injunctive and other relief.

## PARTIES

1.      Plaintiff Swamp Dust, LLC is a limited liability company organized and existing under the laws of State of Georgia with its principle place of business at 119 Ridley Ave. Suite 300A, Lagrange, Georgia 30240.

2.      On information and belief, Defendant Cajun Wholesale Distributing, Inc. is a corporation duly organized and existing under the laws of the State of Louisiana with its principle place of business at 4517 Woodlawn Rd., Maurice, Louisiana 70555.

3.      On information and belief, Defendant Ritchie Allen Romero is Director of Cajun Wholesale Distributing, Inc. residing at 4517 Woodlawn Rd., Maurice, Louisiana 70555.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Swamp Dust's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants do business in this State, have committed infringing acts in this State, have committed infringement outside the State causing injury in the State, have derived revenue from engagement in a persistent course of conduct in the State from which the claims alleged arise, and/or have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because on information and belief, a substantial part of the events or omissions giving rise to the action occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Swamp Dust and its Federally Registered Mark

7.     Ken and Sharon Teal are the owners of Swamp Dust, LLC.

8.     Ken Teal conceived of the idea to name a food seasoning product SWAMP DUST as early as 1980.

9.     SWAMP DUST seasoning was first sold by Ken Teal in Florida at least as early as 1980.

10.     While in school, Ken Teal continued to improve the recipe for SWAMP DUST and promote the product, and in 1986, samples of SWAMP DUST seasoning were provided to selected New Orleans area restaurants for their use and hopeful endorsement.

11.     Between 1987 and 1989, Ken and Sharon Teal sought small business development counseling regarding manufacturing, selling and promotion of SWAMP DUST seasoning.

12.     A "no MSG" version was created and tested in 1989-90.

13.     After continued improvement, testing and promotion, Ken and Sharon Teal conducted market research, including visiting a spice manufacturing facility, and developed plans for production and packaging.

14.     Since at least as early as1996, SWAMP DUST seasoning has been continuously sold and promoted in Georgia and Florida.

15.     In 2005 the internet domain "swampdust.com" was purchased by Ken Teal.  Swamp Dust owns and operates the web site www.swampdust.com, through which SWAMP DUST seasonings and other SWAMP DUST merchandise is sold. A representative screen shot of Plaintiff's website is shown below:



16.     On February 16, 2006, Sharon Teal filed an application to federally register SWAMP DUST for use in connection with "seasonings," establishing nationwide constructive use of the mark.  This application matured into Federal Trademark Registration No. 3,753,360.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 1.**

17.     Swamp Dust sells various seasoning mixes under the trademark SWAMP DUST with the permission and direct involvement of Registrant, Sharon C. Teal.  A representative sample of Plaintiff's product is shown below:



**B. Defendants' Unlawful Acts**

18.    On information and belief, Defendants are engaged in the

manufacture, distribution and/or sale of various food products including seasonings

in the U.S.  Defendants' products compete with Swamp Dust's products in Georgia

and elsewhere in the U.S.

19.    Upon information and belief, after Plaintiffs established rights in its

SWAMP DUST mark, Defendants began using and continue to use the identical

mark "Swamp Dust" in connection with the sale of food seasoning products in the

U.S. that are directly competitive and/or related to those offered by Plaintiff.  A

representative sample of Defendants' product is shown below:



20.     Upon information and belief, Defendants are selling or seeking to sell their products bearing an infringing mark in the same channels of trade and to the same consumers as those of Swamp Dust.

21.     Defendants' website at [www.cajunwholesale.com](http://www.cajunwholesale.com) is available to Internet users in the U.S., including users in the State of Georgia.  Defendants' website offers to sell products and ship those products to customers in the U.S., including to customers in the State of Georgia.  A representative screenshot of Defendants' website is shown below:



22.    Defendant's unauthorized use of the SWAMP DUST mark in the U.S. suggests to consumers and other members of the public that Defendant's products originate with Plaintiff, are affiliated, connected, or associated with Plaintiff, are sponsored, endorsed, or approved by Plaintiff, or are in some other manner related to Plaintiff and/or Plaintiff's products.

23.    By using the SWAMP DUST mark in this manner, Defendant is trading on Plaintiff's goodwill in its SWAMP DUST mark and is likely to confuse consumers, retailers, and other members of the public as to the source or affiliation of products sold under the SWAMP DUST mark.

24.    Defendant's actions are likely to cause irreparable injury to Plaintiff, will irreparably damage Plaintiff, and will deceive the public unless enjoined by this Court.

## COUNT I
## Federal Trademark Infringement

25.    Swamp Dust repeats and incorporates by reference the allegations in the preceding paragraphs.

26.    Defendants' unauthorized use of "Swamp Dust," which is identical and confusingly similar to Swamp Dust's federally-registered SWAMP DUST® mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Swamp Dust, or are associated or connected with Swamp Dust, or have the sponsorship, endorsement, or approval of Swamp Dust.

27.    Defendants have used in commerce a mark confusingly similar to Swamp Dust's federally registered mark in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Swamp Dust's goodwill and reputation as symbolized by the federally registered SWAMP DUST® mark, for which Swamp Dust has no adequate remedy at law.

28.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Swamp Dust's federally registered SWAMP DUST® mark to Swamp Dust's great and irreparable injury.

29.     Defendants have caused and are likely to continue causing substantial injury to the public and to Swamp Dust, and Swamp Dust is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**

30.     Swamp Dust repeats and incorporates by reference the allegations in the preceding paragraphs.

31.     Defendants' unauthorized use of an identical and confusingly similar imitation of the SWAMP DUST® mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Swamp Dust, or are affiliated, connected, or associated with Swamp Dust, or have the sponsorship, endorsement, or approval of Swamp Dust.

32.     Defendants have made false representations, false descriptions, and false designations of origin of their goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Swamp Dust's goodwill and reputation as symbolized by the SWAMP DUST® mark, for which Swamp Dust has no adequate remedy at law.

33.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Swamp Dust's SWAMP DUST® mark to the great and irreparable injury of Swamp Dust.

34.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Swamp Dust, and Swamp Dust is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT III
## Georgia Unfair and Deceptive Trade Practices

35.     Swamp Dust repeats and incorporates by reference the allegations in the preceding paragraphs.

36.    Defendants have been and are passing off their goods as those of Swamp Dust, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Swamp Dust, and otherwise damaging the public. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Georgia's Unlawful Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375.

37.    Defendants' unauthorized use of a confusingly similar imitation of Swamp Dust's SWAMP DUST® mark has caused and is likely to cause substantial injury to the public and to Swamp Dust, and Swamp Dust is entitled to injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

## <u>COUNT IV</u>
## <u>Georgia Unfair Competition</u>

38.    Swamp Dust repeats and incorporates by reference the allegations in the preceding paragraphs.

39.     The foregoing acts of Defendants constitute unfair competition, and have created and will continue to create a likelihood of confusion to Swamp Dust's irreparable injury unless restrained by this Court. Swamp Dust has no adequate remedy at law for this injury.

40.     On information and belief, Defendants have acted with full knowledge of Swamp Dust's use of, and statutory and common law rights to, the SWAMP DUST mark and without regard to the likelihood of confusion of the public created by such activities. Defendants' conduct demonstrates a bad faith, intentional, and willful intent to mislead, deceive, and confuse the public.

41.     Defendants' conduct is in violation of the statutory prohibition against unfair competition under O.C.G.A. § 23-2-55.

42.     As a result of Defendants' actions, Swamp Dust has been and continues to be damaged in an amount not as yet determined or ascertainable. At a minimum, however, Swamp Dust is entitled to injunctive relief, to an award of its actual damages, and to an accounting for any profits enjoyed by Defendants as a result of their unlawful conduct pursuant to O.C.G.A. § 51-1-6.

## COUNT V
## Common Law Trademark Infringement and Unfair Competition

43.     Swamp Dust repeats and incorporates by reference the allegations in the preceding paragraphs.

44.     Defendants' acts constitute common law trademark infringement and unfair competition under the laws of this and several States, and have created and will continue to create a likelihood of confusion to the irreparable injury of Swamp Dust unless restrained by this Court, and Swamp Dust has no adequate remedy at law for this injury.

45.     On information and belief, Defendants acted with full knowledge of Swamp Dust's use of, and statutory and common law rights to, the SWAMP DUST® mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

46.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Swamp Dust's SWAMP DUST® mark to the great and irreparable injury of Swamp Dust.

47.     As a result of Defendants' acts, Swamp Dust has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Swamp Dust is entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of Swamp Dust's SWAMP DUST® mark, and the need to deter Defendants from similar conduct in the future, Swamp Dust additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

Swamp Dust therefore prays that:

1.      Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

   a.  using the SWAMP DUST mark, or any other copy, reproduction, colorable imitation, or simulation of the SWAMP DUST mark, on or in connection with Defendants' goods;

   b.  using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, names, or logos of Swamp Dust;

   c.  using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by

Swamp Dust, or are sponsored or authorized by Swamp Dust, or are in

any way connected or related to Swamp Dust; and

d.  passing off, palming off, or assisting in passing off or palming off,

Defendants' goods as those of Swamp Dust, or otherwise continuing

any and all acts of unfair competition as alleged in this Complaint;

2.     Defendants be ordered to recall all products bearing the SWAMP

DUST mark or any other confusingly similar mark, which have been shipped by

Defendants or under Defendants' authority, to any customer including, but not

limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to

deliver to each customer a copy of this Court's order as it relates to said injunctive

relief against Defendants.

3.     Defendants be ordered to deliver up for impoundment and for

destruction all paper products, bags, boxes, labels, tags, signs, packages,

receptacles, advertising, sample books, promotional material, or other materials in

the possession, custody, or under the control of Defendants that are found to adopt

or infringe any of Swamp Dust's trademarks or that otherwise unfairly compete

with Swamp Dust and its products and services;

4.     Swamp Dust recover its actual damages caused by Defendants'

conduct, and that such award be trebled;

5.    Defendants be compelled to account to Swamp Dust for any and all profits derived by Defendants under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law, and that based on Defendants' knowing and intentional use of confusingly similar imitations of Swamp Dust's SWAMP DUST® mark, the damages award be trebled and the award of Defendants' profits be enhanced;

6.    Swamp Dust be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 in light of Defendants' fraudulent, intentional, and willful intent to mislead, deceive, or confuse the public, and the need to deter Defendants from similar conduct in the future;

7.    Defendants be required to pay to Swamp Dust the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and the state statutes cited in this Complaint;

8.    Swamp Dust be awarded prejudgment interest; and

9.    Swamp Dust be awarded such other and further relief as the Court may deem just.

## **DEMAND FOR JURY**

SWAMPDUST LLC respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

Dated this 2nd day of September, 2014.

Respectfully submitted,

*/s/Jerre Swann*

Jerre B. Swann, Jr.
  Georgia Bar No. 694060

FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA  30309
Telephone:  (404) 892-5005
Facsimile:  (404) 892-5002
swann@fr.com

ATTORNEYS FOR SWAMP DUST LLC

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Civil Local Rule LR 7.1D, I hereby certify that the foregoing COMPLAINT complies with the relevant font and point selection limitations of Civil Local Rule LR 5.1C. This Complaint is typed in Times New Roman (14 point) according to the word-processing system used to prepare it.

This the 2nd day of September, 2014.

*/s/ Jerre Swann* _____
Jerre B. Swann Jr.

**EXHIBIT 1**



# United States Patent and Trademark Office

# SWAMP DUST

**Reg. No. 3,753,360**
Registered Feb. 23, 2010

**Int. Cl.: 30**

**TRADEMARK**
**PRINCIPAL REGISTER**

TEAL, SHARON C. (UNITED STATES INDIVIDUAL)
132 BROOKWOOD DRIVE
LAGRANGE, GA 30240

FOR: SEASONINGS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 6-25-2009; IN COMMERCE 6-25-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-817,144, FILED 2-16-2006.

VERNA BETH RIRIE, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office